**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

SETH GORDON,

                         Plaintiff,

-against-

BRYTAVIOUS CHAMBERS; DANIEL HERNANDEZ; CREATE MUSIC GROUP, INC.; TENTHOUSAND PROJECTS, LLC; and S.C.U.M GANG INC.,

                         Defendants.

------------------------------------------------------------------X

Civil Case No.

**COMPLAINT FOR WILLFUL COPYRIGHT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Plaintiff, SETH GORDON ("Plaintiff"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court hereby demands a trial by jury of all claims and issues so triable, and, as for his Complaint against Defendants DANIEL HERNANDEZ; BRYTAVIOUS CHAMBERS; CREATE MUSIC GROUP, INC.; TENTHOUSAND PROJECTS LLC; and S.C.U.M GANG INC. (collectively, "Defendants") hereby asserts and alleges as follows:

**NATURE OF ACTION**

1. This is a civil action seeking damages and injunctive relief under the Copyright Act, 17 U.S.C. § 101 *et seq.*, arising out of Defendants' extensive unauthorized for-profit use and exploitation of Plaintiff's original musical composition, registered as the "Yung Gordon Intro" (or the "Drop"), that was created and is wholly owned by the Plaintiff.

**JURISDICTION AND VENUE**

2. Jurisdiction for Plaintiff's claims lie with the United States District Court for the Eastern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution,

laws, or treaties of the United States") and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress related to copyrights).

3. Venue is proper in this District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim involved in this action occurred in this District.

## PARTIES

4. Plaintiff, SETH GORDON (p/k/a "Yung Gordon") is a citizen and resident of Florida. Yung Gordon has been heralded as "leading a new generation of new Miami party rap," in the Miami *New Times*, and has thousands of monthly listeners on the major streaming platform, Spotify.

5. Defendant DANIEL HERNANDEZ (p/k/a "Takashi 6ix9ine") is a citizen and resident of New York. He is one of the most prominent and widely recognized contemporary rap music artists, who has recorded numerous hit songs, including "GUMMO", "FEFE", and "STOOPID". Upon information and belief Takashi 6ix9ine is currently incarcerated in federal prison after pleading guilty to racketeering charges in 2019.

6. Defendant BRYTAVIOUS LAKEITH CHAMBERS (p/k/a "Tay Keith") is a citizen of Tennessee, and is an American record producer and songwriter. Upon information and belief Tay Keith produced the single "Stoopid".

7. Defendant CREATE MUSIC GROUP, INC. ("Create Music") is a music distribution and publishing company based in California. The company was founded in 2015 by Jonathan Strauss and Alexandre Williams and specializes in forensic digital royalty collection – especially on YouTube. Upon information and belief Tekashi 6ix9ine signed a multi-million-dollar deal with the publishing division of Create Music in 2018.

8.     Defendant TENTHOUSAND PROJECTS, LLC ("10K Projects") is an independent record label based in California. 10k Projects was founded by Elliot Grainge in 2016, and according to its website its artists include Trippe Red, Icy Narco, and Defendant Tekashi 6ix9ine. Despite the fact that Tekashi 6ix9ine is currently incarcerated, media reports allege that the company recently struck a new deal with the artist reported to be worth $10 million.

9.     Defendant S.C.U.M GANG INC. ("Scumgang Records"), is a record label and Brooklyn music collective. Currently Scumgang Records is listed as the copyright owner of Tekashi 6ix9ines music on YouTube and Spotify.

## FACTUAL ALLEGATIONS

### The Creation of the Yung Gordon Intro

10.    On or about September 5th, 2016, Plaintiff was contacted by Take Money Promotions ("Take Money") via Instagram direct message. Take Money said that it was looking for radio drops to be used in its programming.

11.    A "radio drop" is a short clip of music that is played on the radio. Often artists record drops for radio shows to promote their affiliation with a radio station or promoter.

12.    Plaintiff, who had previously provided drops to Take Money, replied "got you fam what's your email". Soon thereafter Take Money replied: "takemoneypromo954@gmail.com. . . we helping each other. I got your drops on a lot of tracks. They know the boy yung Gordon."

13.    On or about November 15, 2016 Plaintiff emailed the Drop to Take Money at the takemoneypromo954@gmail.com address, with the subject line "yung gordon drop" attaching the audio file "tmp drop.mp3."

14. The Drop consists of nine seconds of music, written and performed by the Plaintiff, with the following lyrics: "Y'all already know, it be the boy Yung Gordon / You rockin' with Take Money Promotions / Ay Take Money Promotions / Give 'em that new sh-t, no fool sh-t/ Oh Yeah, let's go."

15. The Radio Drop is characterized by an original use of language, voice, and intonation, especially Plaintiff's characteristic "let's go" signoff.

## DEFENDANTS' INFRINGING ACTIVITY

16. On information and belief, Take Money has/had a relationship with Defendant Tekashi 6ix9ine, and after Plaintiff shared the Drop with Take Money, Take Money shared the Drop with Defendants.

17. On or about October 5, 2018 Defendants released the song "Stoopid". "Stoopid" appeared as a single on all major streaming platforms and was sold as a part of the album *Dummy Boy*.

18. "Stoopid" opens with a recording of the Drop written and performed by the Plaintiff. (While the Drop has been removed from the "Stoopid" track that is currently available on Spotify, upon information and belief it remains on all other versions of "Stoopid" that are currently streaming or available for sale.)

19. The music video for "Stoopid" was also released on October 5, 2018 the same day as the song and features 6ix9ine driving through desert in a rainbow-colored Ferrari and riding rollercoasters at the Dubai amusement park. The video version of the song also opens with a recording of the Drop written and performed by the Plaintiff.

20. On Defendant Takashi 6ix9ine's official YouTube page, the lyrics of the song "Stoopid" are also written out in full. The first five lines of these lyrics are the lyrics written by

the Plaintiff: "Y'all already know, big boy [sic] Yung Gordon / You rockin' with Take Money Promotions / Ay Take Money Promotions / Give 'em that new sh-t, no fool sh-t/ Oh Yeah, let's go."

21.     Plaintiff was never contacted by any of the Defendants prior to the release of the song "Stoopid" and all of the uses of Plaintiff's work are and continue to be unauthorized and used without permission or consent.

22.     Accordingly, by reproducing and distributing Plaintiffs copyrighted material, Defendants have infringed Plaintiff's exclusive rights in the musical composition of the Yung Gordon Intro.

## THE COMMERCIAL SUCCESS OF "STOOPID"

23.     Almost immediately after "Stoopid" was released the song achieved a remarkable level of popularity. The song was certified platinum by the RIAA, representing the equivalent of one million certified sales and peaked at number 25 on the U.S. Billboard Hot 100.

24.     As of November 2019, "Stoopid's" Billboard Chart rankings were Top 100 Song #48, Rap Streaming Songs #14, R&B/Hip-Hop Streaming Song #15, Hot R&B/Hip Hop Songs #23, Hot Rap Songs #21.

25.     "Stoopid" also occupied top 100 positions on over eight other international charts, including in Germany, Australia, Sweden, Switzerland, the UK, and Austria.

26.     As of February 4, 2020 the YouTube video for Stoopid has been viewed over 183,967,408 times.

27.     There is no dispute that Defendants have profited substantially from their infringing activities, and have collected, and continue to collect fees and royalties from the sale

of the infringing work or any derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to Plaintiff.

## DEFENDANTS WILLFUL AND INTENTIONAL INFRINGEMENT

28. Shortly after Defendants released the song "Stoopid" Plaintiff became aware of the unauthorized use of his work and attempted to contact Defendants.

29. Through counsel, Plaintiff reached out to both Create Music and 10k Projects. Despite the fact that 10k Projects and Create Music have both publicly claimed to represent Tekashi 6ix9ine, neither company has taken any responsibility for the unauthorized use of Plaintiff's copyrighted work. (Only when Plaintiff's counsel reported the copyright violation to YouTube, resulting in the music video being temporary removed from the platform, did a representative from Create Music reach out to Plaintiff to ask for the copyright strike to be removed from their account.)

30. Despite the notice to all parties the Defendants continue to distribute and profit off of Plaintiffs copyrighted work. The infringement by the Defendants is willful, as evidence by their continuing infringement and by the fact that none of the Defendants have neither sought, nor obtained a license from the owners of the rights. All conditions precedent to the maintenance and/or establishment of the instant action have been satisfied and/or, otherwise, waived by the Defendants.

31. Accordingly, the foregoing acts of infringement have been willful and intentional, in utter disregard of and with indifference to the rights of Plaintiff.

## COUNT I

## COPYRIGHT INFRINGMENT

32. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

33. Plaintiff is, and at all relevant times has been, the copyright owner under United States copyright law with respect to the musical composition and sound recording of the Yung Gordon Intro.

34. Plaintiff has registered his copyright in the Yung Gordon Intro with the U.S. Copyright Office (COPYRIGHT NUMBER: SR0000838014).

35. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to perform, reproduce, and distribute the copyrighted materials to the public and to prepare derivative works.

36. Defendants, without the permission or consent of Plaintiff, have reproduced and distributed Plaintiff's musical composition and sound recording to the public. Defendants have no license or any other form of permission to use, copy, reproduce, distribute or create derivative works of the Yung Gordon Intro. By copying, distributing, synchronizing, creating derivative works, licensing and exploiting the Yung Gordon Intro, Defendants have infringed Plaintiffs' exclusive rights in the musical composition and sound recording of the Yung Gordon Intro.

37. Defendants' actions constitute infringement of Plaintiff's copyrights (including the master copyright and the publishing copyright) and exclusive rights under copyright.

38. Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in utter disregard of and with indifference to the rights of Plaintiff.

39. Defendants have profited substantially from their infringing activities, have collected, and continue to collect, fees and royalties from the sale of the infringing work or any

derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to Plaintiff.

40. As a result of Defendants' willful infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiff is entitled to recover its actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), and such other relief as is provided by law. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

41. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.

42. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyrights, and ordering Defendants to destroy all copies of the infringing work and/or other material made in violation of Plaintiffs' exclusive rights.

WHEREFORE, with respect to each act of copyright infringement by Defendants, Plaintiff demands judgement a) preliminarily and permanently enjoining and restraining Defendants and their agents, officers, servants, employees, successors and assigns and all others acting in concert or in privity with Defendants, from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Material, including without limitation, reproducing or distributing the infringing work; b) requiring Defendants to pay Plaintiffs' actual damages and profits attributable to the infringement pursuant to 17 U.S.C. Section 504(b) and such further damages as permitted by applicable law; c) requiring Defendants to pay Plaintiff's

full costs in this action, d) requiring Defendants to pay Plaintiff's reasonable attorneys' fees incurred herein; and e) awarding such other relief as this Court deems just and proper.

Dated: February 6, 2020

                                                Bergstein Flynn & Knowlton PLLC

                                                *Cooper Knowlton*

                                                By: Cooper Knowlton
                                                142 W. 57th Street, Suite 4a
                                                New York, NY 10019
                                                Attorneys for Plaintiff
                                                cooper@bfklawoffice.com
                                                212-803-9026