**MELONI & MCCAFFREY**
A Professional Corporation
ATTORNEYS AT LAW
3 Columbus Circle | 15th Floor
New York, New York 10019
Telephone: (212) 520-6090
Facsimile: (917) 210-3758
www.m2lawgroup.com

Robert S. Meloni                                                                                          Writer's Direct Telephone: (917) 331-9556
Thomas P. McCaffrey                                                                                    Writer's Email: rmeloni@m2lawgroup.com
_____

October 11, 2022

**BY EMAIL & ECF**

Honorable Hector Gonzalez
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 6A South

    Re:    <u>Seth Gordon v. Brytavious Chambers, et al</u> [1:20-cv-00696-HG/RER]

Dear Judge Gonzalez:

    We are counsel for the Defendant Daniel Hernandez in the above-entitled action. I write pursuant to Your Honor's Individual Practices Rule IV, A (2) to request a pre-motion conference for leave to file a motion for Meloni & McCaffrey (the "Firm") to withdraw as counsel for defendant Daniel Hernandez.

    The Firm was retained by Mr. Hernandez in June 2021. At or about that time, Mr. Hernandez's former litigation counsel, Brian Caplan, had filed a Motion to Withdraw as his counsel, citing essentially the same reasons I have for my withdrawal.

    The Firm is currently handling this action as well as six other litigations around the country. From June 2021 until March 2022, I had sporadic communications directly with Mr. Hernandez, and mainly communicated with him via texts. At the beginning of the representation, until March 2022, I communicated almost entirely with Justin Kobay, the business manager for Mr. Hernandez and his companies whenever I needed to consult with someone about this action or the other matters I was handling for Mr. Hernandez. Mr. Kobay would act as a liaison. However, Mr. Kobay resigned as business manager for Mr. Hernandez in March 2022.

    After Mr. Kobay resigned, I was sometimes able to communicate with Mr. Hernandez's brother Oscar Hernandez, who would act as a liaison. Even then, Oscar Hernandez had difficulties

communicating with his brother. By September 2022, Oscar Hernandez stopped responding to my calls, texts and emails.

There is now a total breakdown in communication between Mr. Hernandez and the Firm. Mr. Hernandez's last communication with me took place in early March 2022 relating to one of the other litigations. Finally, I just learned that Mr. Hernandez changed his phone number, which he did not tell me himself. He did not provide me with his new mobile number.

Mr. Hernandez's refusal or inability to communicate with the Firm makes it impossible for the Firm to continue its representation because, among other things, we are unable to get Mr. Hernandez's input on discovery decisions or strategic decisions required during the course of the litigation. Moreover, Mr. Hernandez, who has not made a payment to the firm since December 2021, has a substantial outstanding balance for this matter and four other litigations, and has not indicated an intent or ability to make a payment in the future.

Pursuant to Local Rule 1.4 of the United States District Court for the Southern and Eastern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court .... Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." In deciding a motion to withdraw as counsel, courts must consider (1) the reasons for the withdrawal, and (2) the impact withdrawal will have on the timing of the proceeding. *United States v. Estate of Wiesner*, 2017 WL 1450594, at *6 (E.D.N.Y. Mar. 15, 2017), report and recommendation adopted, 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017). Courts look to the New York Rules of Professional Conduct ("RPC") for guidance as to as to what constitutes a sufficient reason to permit withdrawal by counsel. *City Merch. Inc. v. Tian Tian Trading Inc*., 2021 WL 119075, at *3 (S.D.N.Y. Jan. 13, 2021); *James v. Enter. Ass'n of Steamfitters Local 638 of United Ass'n of Steam , Hot Water, Hydraulic & Gen. Pipe Fitters of New York & Vicinity*, 2009 WL 10706010, at *1 (E.D.N.Y. Nov. 23, 2009). RPC 1.16(5) and (7) permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees" or "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." *See Munoz v. City of New York*, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (finding "good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and the plaintiff"); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd*., 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("a client's continued refusal to pay legal fees constitutes a "satisfactory reason" for withdrawal under Local Rule 1.4")(collecting cases).

In addition to the breakdown of the relationship between Mr. Hernandez and the Firm and Mr. Hernandez's unwillingness or inability to pay his legal bills, neither Mr. Hernandez nor the remaining parties will be prejudiced by the Firm's withdrawal. Courts hold that where discovery has not closed and the matter is not trial ready, there is no disruption or undue prejudice caused by counsel's withdrawal. *Taub v. Arrayit Corp*., 2016 WL 4146675, at *2 (S.D.N.Y. Aug. 4, 2016); *Estate of Wiesner*, 2017 WL 1450594, at *10 ("[w]here discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found") (citations omitted).

Finally, because the Firm has no current physical address for Mr. Hernandez, the Firm plans to request that the Court permit service of the Firm's anticipated motion by way of email to Mr. Hernandez's brother Oscar Hernandez. The Firm will send a copy of this letter to Oscar Hernandez as well.

The Firm respectfully requests a pre-motion conference at the Court's earliest convenience and thanks the Court for its attention to this matter.

Respectfully,

MELONI & McCAFFREY APC

By: _____
Robert S. Meloni

cc:  Oscar Hernandez (by email)
Cooper Knowlton, Esq. (by email and EF)